**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HOSIE BURGESS, JR., # 71713,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-57-MJR** |
| | ) | |
| **ALTON POLICE DEPARTMENT,** | ) | |
| **and JARRETT FORD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff, who is currently detained pending trial in the Madison County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He filed his complaint on January 16, 2014. The majority of his pleading references potential defenses to the murder charge he is now facing in Madison County. He also states that he has been held in the Jail for almost two years "under harsh condition [sic]" (Doc. 1, p. 5).

In his statement of claim, Plaintiff asserts that he did not have anything to do with the murder for which he is awaiting trial, which he claims was committed by another individual. That person has already been sentenced. Plaintiff is accused of giving somebody a gun to commit a robbery, and that crime led to a murder. Plaintiff claims that at the time of the killing, he had been pulled over by the state police in a town approximately two hours away from Alton. Defendant Jarrett Ford (Alton Police Detective) lied about some of the facts in order to get Plaintiff charged with the crime. He has not talked to his public defender nor received anything in response to a discovery request.

As relief, Plaintiff seeks money damages and an order requiring Defendants to

drop the charges against him and let him go to serve a federal sentence[1] (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

The Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

**Count 1:** Challenge to Pending Prosecution in State Court; and

**Count 2:** Unconstitutional Conditions of Confinement.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that Plaintiff has failed to state any constitutional claim upon which relief may be granted. **Count 1** shall be dismissed, as will the complaint (Doc. 1). However, Plaintiff shall be granted one opportunity to submit an amended complaint if he has any factual basis to pursue the claim designated as **Count 2**, for unconstitutional conditions at the Jail.

## Dismissal of Count 1 – Challenge to Pending Prosecution in State Court

Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). In fact, federal courts are required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as

---

[1] Records of this Court disclose that Plaintiff was sentenced on September 17, 2012, to serve 151 months after pleading guilty to one count of distribution of cocaine base. *United States v. Burgess*, Case No. 12-cr-30088-GPM.

no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

There is no doubt that the *Younger* doctrine requires this Court to deny Plaintiff's request for an order directing the State court to dismiss the pending criminal charge against him. The State of Illinois has an important interest in prosecuting Plaintiff for the felony charge he faces, and he will have ample opportunity to raise the potential defenses he describes in his complaint, as well as any constitutional issues that may arise, as that criminal case proceeds. There is no reason to believe he would not have a full opportunity to raise any constitutional claims in the trial court, as well as on appeal in the event he should be convicted.

Further, the complaint does not suggest the existence of any extraordinary or special circumstances which might override the abstention doctrine. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). The special circumstances which could justify federal court intervention are generally limited to issues of double jeopardy or speedy trial, *see Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573, or bad faith prosecution. *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975) (in the *Younger* context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction").

No speedy trial or double jeopardy issue is suggested in the complaint. Although Plaintiff claims that Defendant Ford lied in order to have charges brought, the possibility that

Plaintiff may have supplied a gun used in a murder suggests that the prosecutor could have a reasonable expectation of convicting Plaintiff.  This defeats a claim of bad faith prosecution. Moreover, there is no indication that allowing the prosecution to proceed would result in immediate harm to Plaintiff, or that his constitutional rights would not be protected in state court. *See Collins v. County of Kendall, Ill.*, 807 F.2d 95, 98 (7th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987).  As noted above, Plaintiff is under a 151-month federal sentence that would keep him confined, regardless of the outcome of the state prosecution.

Plaintiff's request for damages relating to the pending prosecution also must fail. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a plaintiff cannot sue for money damages for an unconstitutional conviction or incarceration unless he first "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.  Plaintiff, of course, has not even been convicted of the state charges, let alone invalidated the proceedings.

To summarize, Plaintiff's civil rights claims designated as Count 1 shall be dismissed.  The dismissal shall be without prejudice to a potential habeas challenge under § 2254 if Plaintiff is convicted, after he first exhausts all state court remedies.  Likewise, the dismissal of the claim now barred by *Heck v. Humphrey* shall be without prejudice.

## Amendment of Complaint as to Count 2 – Conditions of Confinement

Plaintiff includes no facts describing the conditions under which he has been confined in the Jail, but makes only a single reference to them as "harsh" (Doc. 1, p. 5).  Such a conclusory statement is inadequate to support a claim upon which relief may be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive dismissal under § 1915A, a

complaint must include "enough facts to state a claim to relief that is plausible on its face"); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim).

Although it is not clear whether Plaintiff intended to pursue an Eighth Amendment claim over the "harsh" conditions in the Jail, out of an abundance of caution, he shall be allowed one opportunity to submit an amended complaint, on **Count 2** only.  If Plaintiff wishes to pursue a claim that he has been subjected to unconstitutional conditions in the Jail, he must present any factual allegations that may exist to support this claim in his amended complaint, as directed below.  If the amended complaint still fails to state a claim upon which relief may be granted, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed, and the dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).  The amended complaint shall be subject to review pursuant to § 1915A.

### Dismissal of Alton Police Department

Plaintiff names the Alton Police Department as a defendant in this action. However, a police department is not a suable entity apart from the city which operates it.  *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997).  Further, a municipality may only be sued in a civil rights action if the constitutional deprivations were the result of an official policy, custom, or practice of the municipality.  *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).

Plaintiff's claim against the Alton Police Department presumably is in connection with his challenge to his pending felony charges.  That claim (Count 1) shall be dismissed, and it appears unlikely that the Alton city government or its Police Department would have any

responsibility for the conditions in the Madison County Jail (Count 2), which is the only remaining potential claim in this action.   The Alton Police Department shall therefore be dismissed from this action with prejudice.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be addressed in a separate order.  His motion for recruitment of counsel (Doc. 3) shall be held in abeyance pending the receipt of his amended complaint.

The motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT.**  If Plaintiff submits an amended complaint that survives threshold review under 28 U.S.C. § 1915A, service shall be ordered on the Defendants.  It is not necessary for Plaintiff to file a motion to request service.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice.  **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **ALTON POLICE DEPARTMENT** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support a conditions of confinement claim **(Count 2)**, within 35 days of the entry of this order (on or before **March 19, 2014**).  Plaintiff is cautioned that in order to state a viable conditions claim, he must identify the individual Defendant(s) who were directly responsible for any alleged constitutional deprivations at the Jail.  Further, if Plaintiff includes in his amended complaint any of the claims that have been dismissed in Count 1, that pleading may be stricken and this action

may be dismissed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:  February 11, 2014

*s/ Michael J. Reagan*
United States District Judge